| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4837 | **DATE** | August 4, 2011 |
| **CASE TITLE** | Fredeal Truidalle (K-79979) vs. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file in forma pauperis [3] is granted. The Court authorizes and orders the trust fund officer at Stateville Correctional Center to deduct $5.75 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff an amended civil rights complaint form with instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[For further details see text below.]  Docketing to mail notices.

**STATEMENT**

     Plaintiff, Fredeal Truidalle, an inmate at the Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.75. The supervisor of inmate trust accounts at the Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

     Plaintiff raises various claims against numerous Stateville administrators and staff members. Plaintiff first alleges that Director Godinez "has failed to put in place a policy that allows for appropriate medical treatment." He alleges that Godinez signed off on a grievance that should have been addressed with a formal hearing before the administrative review board. The grievance pertained to delays in having medications renewed at Stateville.

     Plaintiff next alleges that Warden Marcus Hardy improperly denied several emergency grievances pertaining to medical issues because he is not a medical provider. For example, Plaintiff is now taking three medications for a condition that was included in an emergency grievance that Hardy found did not constitute an emergency.

     Plaintiff alleges that Dr. Schaffer is "incompetent and lack[s] the ability to communicate with people." He also alleges that Dr. Schaffer wrongly addresses only the medical issue on the medical slip before him instead of treating not only the medical issue included on the medical slip but other medical issues that have arisen.

     Plaintiff alleges that several times Dr. Williams has told Plaintiff that his medications would be re-ordered but sometimes he has to wait several days for the refill.

Lastly, Plaintiff alleges that the new medical director, Dr. Bautista, has "not put into place any new rule to address the on going problems." In fact, it now takes longer to see a doctor and "refill orders" are months behind. In addition, Royce Brown, the Policy Director, has a duty to put better policies in place.

Plaintiff's present complaint fails to state claim upon which can be granted. "The Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. To state a cognizable Eighth Amendment claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. . . . To prevail, a prisoner must first show that his medical condition is objectively, sufficiently serious, which, in this context, means that the medical condition has been diagnosed by a physician or is so obvious that even a lay person would perceive the need for a doctor's attention, Second, the prisoner must show that the officials knew of and disregarded "an excessive risk to inmate health or safety." *Wilson v. Groze,* No. 09 C 7487, 2011 WL 3290289 (N.D. Ill.) (internal citations and quotation marks omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).

The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)). At a minimum, plaintiff must allege specific facts that permit the inference that his medical condition was sufficiently serious that it created a serious risk to his health and safety and that specific individuals knew or should have known about his condition and failed to provide medical attention.

Plaintiff first takes issue with how administrators have handled his grievances. However, Plaintiff's claims relating to how his grievances were "handled" fail to state a claim. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only alleges his dissatisfaction with how his grievances were handled, not that he has been denied access to the courts. Thus, Plaintiff has failed to state a due process claim against those Defendants involved in the grievance process.

Plaintiff makes general allegations relating to his dissatisfaction with several medical administrators and medical providers' services. It appears that Plaintiff is alleging that he is having difficulty seeing medical providers and having his medications refilled on a timely basis. However, his general allegations of dissatisfaction do not provide the defendants adequate notice to know the basis of the claims against them. For example, the only dates provided by Plaintiff relating to his medical needs in the complaint are future dates for his next medical appointment and prescription refill. Plaintiff also identifies Sarah Johnson in list of defendants but does not make any allegations against her within the body of his complaint. While Plaintiff includes several grievances with his complaint, the grievances relate to multiple issues and the Court cannot discern which issues in the grievances Plaintiff is raising in his lawsuit against which Defendant(s).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

**STATEMENT**

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.