# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4837 | **DATE** | September 2, 2011 |
| **CASE TITLE** | Fredeal Truidalle (K-79979) vs. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff 's amended complaint [7] is accepted. Defendant Sarah Johnson is dismissed from this action. The Clerk shall: (1) dismiss Defendant Sarah Johnson; (2) issue summonses for service of the amended complaint [7] on Defendants Superintendent Godinez, Warden Marcus Hardy, Dr. Partha Gosh, Dr. Bauitista, Dr. L. Williams, Royce Reed Brown, and Wexford Health Services, Inc.; (3) attach a Magistrate Judge Consent Form to the summonses for Defendants; and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, Fredeal Truidalle, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was allowed to proceed *in forma pauperis* on August 4, 2011. However, his complaint was dismissed without prejudice for failing to state a claim. Plaintiff has submitted an amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that he began having issues receiving his pain medication early 2010. Plaintiff has also had issues in seeing medical professionals for his ailments (pain, cysts, and a growth in his groin area) for months and also has problems receiving his medications, including refills of regularly-prescribed medications that sometimes takes weeks to get refilled, causing him to go without his medications for extended periods of time. Plaintiff has filed grievances and letters to prison officials and has tried to receive proper medical treatment from the named-Defendant healthcare providers to no avail. Plaintiff alleges that his issues with receiving proper medical care are caused, in part, in the policies and practices that are known to jail administrators and Wexford Health Services, that cause delays in receiving medical treatment and medications.

Plaintiff also takes issue with Defendant Hardy reviewing grievances regarding medical issues and passing judgment on those grievances when he is not a medical professional. He also disagrees with how one of his grievances was handled by Defendant Sarah Johnson.

Plaintiff may proceed with his Eighth Amendment claims against the jail administrators, medical personnel, and Wexford that allegedly knew of his medical issues, knew of his issues regarding his medications, and knew of or instituted the policies and practices that result in these medical issues. However, Plaintiff's claims regarding how his grievances were handled do not state a claim. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only alleges his dissatisfaction with how his grievance was handled, not that he has been denied access to the courts. Thus, Plaintiff has failed to state a due process claim against those Defendants involved in the grievance process. Accordingly Sarah Johnson is dismissed from this action and Plaintiff's claim regarding his grievance as to

**STATEMENT**

Warden Hardy is dismissed.

Based on the above, Defendant Sarah Johnson is dismissed from this action. Defendants Superintendent Godinez, Warden Marcus Hardy, Dr. Partha Gosh, Dr. Bauitista, Dr. L. Williams, Royce Reed Brown, and Wexford Health Services, Inc., must respond to the amended complaint.

The United States Marshals Service is appointed to serve the remaining Defendants – Superintendent Godinez, Warden Marcus Hardy, Dr. Partha Gosh, Dr. Bauitista, Dr. L. Williams, Royce Reed Brown, and Wexford Health Services, Inc. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former Illinois Department of Corrections and/or Wexford Health Services employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections and/or Wexford Health Services shall furbish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.