# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4837 | **DATE** | November 30, 2011 |
| **CASE TITLE** | Fredeal Truidalle (K-79979) vs. S.A. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Dr. Ghosh's motion to adopt and join the pending motion to dismiss [30] is granted. Defendants' motion to dismiss [17] is denied. Defendants Dr. Williams', Dr. Ghosh's and Wexford's responsive pleading shall be filed within 14 days of this order. A status hearing is scheduled for December 20, 2011 at 8:30 a.m. Kenneth A. Hoffman, Mitchell, Hoffman & Wolf, 221 N. LaSalle, Suite 1148, Chicago, IL 60601, (312) 726-6722, khoffman@mitchellhoffmanwolf.com, is appointed to represent the plaintiff.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Fredeal Truidalle, a prisoner at Stateville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is LaTonya Williams' and Wexford Health Sources, Inc.'s motion to dismiss for failure to state a claim upon which relief can be granted and Dr. Ghosh's motion to adopt and join the pending motion o dismiss. Dr. Ghosh's motion to adopt and join the pending motion to dismiss is granted.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009)).

Plaintiff alleges that beginning in August of 2010, he wrote to the directors of the Illinois Department of

# STATEMENT

Corrections regarding not receiving proper medical care at Stateville. He alleges that the directors knew that it was a common practice for medical staff to ignore inmates' medical requests for medical treatment at Stateville. Plaintiff alleges this includes medical staff refusing to treatment inmates for more than one issue. For example, during one appointment, Dr. Schaefer checked Plaintiff's blood pressure but refused to address any other of Plaintiff's medical issues, including extreme joint and back pain. Dr. Schaefer ignored Plaintiff's plea for treatment of his pain.

Plaintiff also received medical treatment from Dr. Williams. Dr. Williams wrote an order three times for Plaintiff to be seen by a male doctor because she cannot treat any medical issues below Plaintiff's waist. During this time, Plaintiff was attempting to receive treatment for a lump in his groin. Plaintiff wrote to Dr. Williams explaining that he was not receiving any treatment for the lump in his groin to no avail. Plaintiff also did not timely receive medication Dr. Williams prescribed for another condition.

Plaintiff further alleges that he and an attorney have contacted Warden Hardy regarding Plaintiff not receiving timely medical care and timely refills of his needed medications. He alleges that these issues are pervasive in the Health Care Unit and well-known by prison administration. Plaintiff alleges that the policies and procedures at Stateville result in the known inadequate medical of inmates, including: (1) the refusal by doctors to properly examine inmates' serious medical conditions, (2) failure to provide timely refills of medications for serious medical conditions, and (3) denying inmates be treated by outside vendors for serious medical issues.

Lastly, Plaintiff alleges that Dr. Ghosh was aware of his medical issues and his difficulties in timely receiving his medications from his grievances, through direct contact with Plaintiff, and through his medical records. Even though Dr. Ghosh, as Medical Director, had the ability to ensure that Plaintiff receive proper medical care, Dr. Ghosh failed to act.

Defendants first argue that Plaintiff's allegations demonstrate that the medical issues included in the complaint do not constitute a serious medical condition and that Plaintiff merely takes issue with the medical judgment of the doctors at Stateville.

The deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A claim of deliberate indifference includes both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. A prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Roe v. Elyea*, 631 F.3d 862, 857 (7th Cir. 2011); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

At this stage of litigation, Plaintiff has sufficiently pled that his medical conditions, including hypertension, severe pain, and a lump in his groin, constitute a serious medical condition. A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or it so obvious that even a lay person would recognize the necessity of medical treatment. *See Foelker v. Outgamie County*, 394 F.3d 510, 512 (7th Cir. 2005). The allegations constitute more than generalized allegations of pain as described by the Defendants. Furthermore, the allegations rise above a mere disagreement with the treatment provided by the medical staff. Plaintiff clearly alleges he is being repeatedly denied timely treatment for his medical conditions and that he is not receiving refills of required medications in a timely manner.

Defendant Dr. Williams argues that Plaintiff fails to allege any specific way that she was deliberately

| STATEMENT |
|---|

indifferent to Plaintiff's medical needs because he only alleges that she wrote an order for him to be seen by a male doctor for examination of the lump in his groin. However, Plaintiff alleges that Dr. Williams told him that she had to write the order for him to be seen by a male doctor three different times. Thus, Dr. Williams was aware that Plaintiff had a medical condition that was not being properly treated and merely wrote more referrals. He also alleges that Dr. Williams was aware that he was not timely receiving refills of his medications. Similarly, Plaintiff alleges that Dr. Ghosh was personally aware of his multiple medical and prescription issues and that Dr. Ghosh failed to act.

Lastly, Wexford argues that Plaintiff fails to allege specific facts that demonstrate a policy or procedure at Stateville that resulted in the denial of medical care to inmates. A corporate entity acting under color of state law is not vicariously liable for the actions of its employees. *Estate of Novack v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000). However, a corporation may be held liable for a constitutional violation if it maintains a policy that sanctions the maintenance of prison conditions that results in an infringement upon the constitutional rights of a prisoner. *Novack*, 226 F.3d at 530. Contrary to Wexford's argument, Plaintiff alleges that he has repeatedly contacted administrators at IDOC and the Warden at Stateville about not receiving proper medical care to no avail. He specifically alleges that the procedures and policies in place result in inmates not receiving medication refills in a timely manner and in inmates being denied treatment by outside vendors for conditions that they cannot receive medical attention for at Stateville. Plaintiff's allegations sufficiently allege a practice or custom at Stateville, through Wexford, results in inmates not receiving proper medical care.

For the foregoing reasons, Defendants' motion to dismiss is denied. Defendants Dr. Williams', Dr. Ghosh's and Wexford's responsive pleading shall be filed within 14 days of this order.